RAILROAD v. FRENCH.

(*Nashville.* December 18, 1897.)

1. RAILROADS. *Easement in right of way not defeated by landowner's possession.*

Possession of lands within the right of way of a railroad company maintained by the owner of the fee by the erection of buildings thereon, and inclosure and cultivation, is not adverse to the company, and will not, though continued for more than seven years, defeat or affect its easement therein or its right to occupy and use the premises for any legitimate and necessary railroad purpose.

Case cited: Railroad v. Telford, 89 Tenn., 295.

2. SAME. *Water tank is legitimate railroad purpose.*

The erection of a water tank is a legitimate railroad purpose for which the company may extend its occupancy of its right of way. The presumption will be indulged that the company located the tank with reference to the demands of its business rather than to annoy a citizen.

---

FROM HOUSTON.

---

Appeal in error from Circuit Court of Houston County. A. H. MUNFORD, J.

DICKINSON & WALLER and BUQUO & RUDOLPH for Railroad.

HERMAN DUNBAR for French.

16 P—14

WILKES, J.' This action was commenced before a Justice of the Peace to recover damages to a lot lying adjacent to the railroad, in Erin, Houston County. On appeal, the case was heard before the Court and jury, and judgment was rendered for $100, and the railroad has appealed and assigned errors.

The facts are that the railroad company is entitled to an easement over one hundred feet on each side of the center of its track for right of way under its charter provisions. Plaintiff has bought a lot extending over fifty feet of this right of way, and has a deed in fee simple to it. His vendor owned several other lots adjacent, and of which this lot was originally a part, and upon the other portions of the original lot had erected several houses, two as early as 1879, and others at subsequent dates. The lot owned by plaintiff had no house or inclosure upon it, but was a part of the original lot on which the houses had been built on the right of way. In 1896, or 1897, the railroad company erected a water tank upon the vacant lot, for railroad use. The Court, in substance, charged that if this lot had been adversely held under color of title by plaintiff and his vendors for seven years or more, his title would be perfect to the land to the extent of his paper boundaries, and the railroad would be liable if it trespassed upon this land to build its water tank. The Court refused to charge that there must have been actual adverse possession of this particular lot

Railroad *v.* French.

in a way inconsistent with the easement of the railroad, but said an actual adverse possession of a portion of the lot covered by the original paper title would be sufficient to give title to the extent of the boundaries in the title paper.

There is error in the charge of the Court below. It appears from the record that the railroad company, under its charter, has an easement or right of way over one hundred feet on each side of the center of its road, and it has been repeatedly held by this Court that a user by an adjacent landowner of the right of way up to the line of the road for an indefinite time is not adverse to the road easement. It may be used for agricultural or any other legitimate and proper purposes. A house may be built upon it and occupied, and it may be inclosed, and the railroad will not lose its easement. The possession for such purposes is consistent with the easement, no matter what kind of a paper title the party in possession may have, and the possession could not be adverse until the railroad may need the premises and demand it for railroad purposes. Occupancy with a house, or inclosure and cultivation and use, are not sufficient to defeat the easement of the road, inasmuch as the road can only demand and take its full right of way when it becomes necessary for railroad purposes, and until then the possession is not adverse. A person who builds upon the right of way of a railroad does so at his peril, no matter what paper title he may have from a

third person. And all persons are affected with notice of the extent of the right of way when it depends upon the charter provisions. This being so, the railroad company has the right to occupy any portion of this one hundred foot right of way at any time it is necessary for its purposes as a railroad. A water tank is a species of property necessary for the purposes of a railroad, and there is no question made or proof introduced to show that it was not necessary to erect it at this point. We cannot presume that the road would place the tank there for any other purpose than that of a railroad use. If it was erected there to annoy and harrass plaintiff, or for any other than a necessary railroad purpose and convenience, that fact should have been shown by the proof. The principles here announced were laid down in *Railroad* v. *Telford*, 5 Pickle, 295, and have been repeated in a number of cases in which the question has come before the Court in various ways.

We are constrained to reverse the judgment of the Court below, and remand the cause for a new trial. Costs of appeal will be paid by appellee.