RAILROAD  *v.*  CROW.

*(Knoxville.   September  21,  1901.)*

1. DEED.  *Conveying right of way construed.*

A provision in a deed conveying to a railroad company a right of way over the grantor's farm, in general terms, that "This right of way to (shall) be exclusive for one year" does not limit the railroad company's right to one year, but only limits the exclusiveness of the right for that period.   The provision is one for the benefit of the grantee, not of the grantor.

2. ADVERSE POSSESSION.  *Possession not adverse to right of way.*

The owner's possession of land over which he has granted, in general terms, a right of way to a railroad company, for the location of its road, is not adverse to the right of the company, and, though continued for seven years, will not bar the company's rights.

Cases cited: Railroad *v.* Telford, 89 Tenn., 294; Railroad *v.* French, 100 Tenn., 209.

FROM   CARTER.

Appeal  in  error  from  the  Circuit  Court  of Carter  County.   H.  T.  CAMPBELL,  J.

TIPTON  &  MILLER  and  CURTIN  &  HAYNES  for Railroad.

SIMERLY,  ALLEN  &  CLARK  for  Crow.

BEARD, J.    This is an action to recover dam-
ages for the alleged taking and appropriation for
railroad purposes of a right of way through the
premises of the defendant in error.

The Railway Company relies on a deed from
the owners of the premises, granting in 1890 a
right of way to the B. E. & W. N. C. Railroad
Company.    To this, the plaintiff below replied,
first—that by its terms, under conceded facts, the
deed or grant became inoperative at the expiration
of twelve months from its date; and, second,
an adverse possession for seven years.

The facts disclosed are, that the B. E. & W.
N. C. Railroad Company some time after receiving
its deed of a right of way over the property
in question, and before the construction of its
projected road, fell into financial straits, and its
creditors instituted proceedings in a court of com-
petent jurisdiction to wind it up as an insolvent
corporation.    Pending these proceedings, the grant-
ors enclosed the property through which the right
of way was granted, and had been in possession
of and cultivating the same for seven years be-
fore the appropriation complained of in the pres-
ent action.    This appropriation was made by the
present plaintiff in error, which holds under a
title acquired at a foreclosure sale, made under
a decree pronounced in the insolvent cause, which
subjected to sale all the property (including the

rights of way) of the B. E. & W. N. C. Railroad Company.

The contention that the right of way granted in 1890 had expired by limitation at the time the present claimant—the plaintiff in error—entered into possession, rests on a clause of the deed, which, following its granting parts, is as follows: "This right of way to be exclusive for one year." The trial Judge construed this as a limitation upon the grant, and, in effect, told the jury that if they should find the grantee did not construct its road or perform labor in so doing, within one year from the date of the grant, then the right under it terminated and nothing passed by virtue of it to its successor, the plaintiff in error. He fell into error in this construction. There had clearly been granted fully and unreservedly a right of way. This grant, however, was in general terms. The line to be followed was not designated nor described in the deed. Under it the conveyee, subject to certain conditions, not pertinent, to this controversy, had a right to locate its road wherever it desired across the grantor's property.

Now, to strengthen the position of the grantee, and for a limited time, to free it from competition, possibly on the part of other projected railroads, the grantor supplements his deed with the above quoted clause. So that for one year, the grantee had the exclusive right to a roadbed

across the tract. Within that period it was free from all embarrassment, on the part of rivals that might seek to build over the same property. But this exclusive right continued only for that time. After that, while the grantee could still enter and assert its right under the deed, yet the right was no longer a monopoly. In other words, we think it clear, the clause in question was introduced in the interest of the grantee, and not of the grantors of the deed.

The trial Judge was also in error in giving the defendants in error the benefit of the seven years' statute. The grantors, the defendants in error, were the owners of the fee in the premises, and until the railway company found it essential to assert its right of way, they could make use of them, so that their enclosure and cultivation of the same were, in no proper sense, adverse to the easement claimed by the railroad company. The rule which was held to control in *Railroad* v. *Telford,* 89 Tenn., 294, and *Railroad* v. *French,* 100 Tenn., 209, equally applies in the present case.

The judgment of the Circuit Court is reversed, and the cause is remanded.