## SOUTHERN RAILWAY CO. v. ABE MOORE.

Eastern Section.  April 7, 1928.

Montgomery, Donaldson & Montgomery, and J. R. Ketron, of Tazewell, for plaintiff in error.

John P. Rogers, of Tazewell, for defendant in error.

THOMPSON, J.  The plaintiff below, Abe Moore, has recovered a judgment against the defendant below, Southern Railway Company, for $500, and court costs, for damages done to his real estate on account of the construction by the defendant of a railroad side track.  The defendant has appealed and has assigned error.

The defendant had a depot in the town of New Tazewell. Its line of railroad approaching said depot from the west was a single track extending east and west—the depot being on the north side of this track. The plaintiff owned a lot on the north side of this track and a short distance west of the depot.  On this lot the plaintiff had a one-story frame store building which he rented to one Bailey.  This building was twenty by forty feet in dimensions, the south end of it being twenty-seven feet north of the north ends of the ties of the said railroad track.  Between the south end of the building and the north ends of the ties was a roadway which had been worked and kept up by the county for twenty years and which was, of course, used by the general public.  It was not a first-class road but automobiles and vehicles used it.  On account of its location near the depot, on a public road, etc., plaintiff's building was a good location for a retail store, and Bailey seems to have conducted a successful business in it.

Plaintiff deraigned title to his lot through W. M. Burchfield who owned a tract of which plaintiff's lot was formerly a part.  Said tract was 400 or 500 yards long and fifty yards wide.  It seems that Burchfield conveyed the lot in question to Henry Neal.  Neal conveyed it to I. N. Mink, and Mink conveyed it to plaintiff.  The deed from Neal to Mink was on April 14, 1916, and the deed from Mink to plaintiff was on June 13, 1919.  The deed from Neal to Mink described the lot as follows:

"Beginning on stake at corner Sou. Railway, thence West with the Public Road to Davis line, thence North with Davis line, thence East with Davis line to Buis line, thence South with Crutchfield line, and with Sou. Railway line to the beginning."

The deed from Mink to plaintiff described the lot as follows:

"Beginning on a stake at corner of the Sou. Railway and running west with public road to Davis corner, thence North with Davis line to a stake, thence Eastwardly with Davis line to Crutchfield corner, thence Southwardly with Crutchfield & Sou. Railway line to the beginning, containing one-half acre more or less."

It seems, therefore, that the south line of plaintiff's lot (as described in the deeds) ran with the north line of the public road which separated plaintiff's lot (as described in the deeds) from the railroad track; and that the south end of plaintiff's building was at the south line of his lot, as said lot was described in said deeds. And as stated, the distance between the south end of plaintiff's building and the north ends of the ties of the railroad track (the space occupied by the public road) was twenty-seven feet. But for the reasons hereinafter stated, we think it immaterial whether plaintiff's deed also covered the land occupied by the road, and he was the owner of the ultimate fee therein.

The foregoing represents the situation as it existed prior to March, 1924. In March, 1924, the defendant constructed a side track parallel to and on the north side of its said main track. This side track connected with said main track at a point several hundred feet west of plaintiff's property and extended down to the depot. Between plaintiff's property and the main track this side track was constructed on the above mentioned public road and the north ends of the ties of said side track were only eight feet south of the south end of plaintiff's building. This side track obstructed the public road and vehicles could no longer pass along and over it. Since plaintiff's building fronted on this public road and did not adjoin any other road the value of plaintiff's property was undoubtedly depreciated by the construction of said side track. But said side track was a necessity and was built for the purpose of placing cars to be unloaded at the depot. Where it ended at the depot, platforms were built along its side to facilitate loading and unloading cars thereon. We think the record clearly shows that the proper conduct of the defendant's business required the construction of this side track, and that the same was constructed at the only practical location and as near to the main line track as was possible.

It appears from page 503 of the published Acts of the General Assembly of the year 1887, that the Powells Valley Railroad Company was duly incorporated on July 22, 1886, under Section 6 of Chapter 142 of the Acts of 1875. It appears from the record that said Powells Valley Railroad Company constructed said main line track above mentioned in the year 1889, and operated its first passenger train over it in the year 1890. Said main line was built across and through the above mentioned track of the said W. M. Burchfield pursuant to a deed or conveyance which said Burchfield

and his wife, K. C. Burchfield, executed on July 26, 1888, and which deed or conveyance was recorded in the Register's Office of Claiborne county on August 7, 1888. Said deed or conveyance was as follows:

"Know all men by these presents that we Wm. Burchfield and wife, K. C. Burchfield, of Claiborne county, Tenn., for the consideration of ten dollars to them in hand paid the receipt of which is hereby acknowledged have this day granted, bargained and sold and do hereby give, grant, sell, and convey unto The Powells Valley Railroad Company and its successors, forever, the free uninterrupted and exclusive use, liberty and privileges of right of way and passage over in and through our lands situated in Civil District No. 9 of Claiborne county and State of Tennessee and bounded as follows: a tract of land lying between the Knoxville & Jacksboro roads adjoining the lands of S. A. Cowan, Tim Whiteaker, Robert Thompson, and others, and being part of the old Burchfield farm, together with free ingress, egress and regress for the purpose of constructing and operating a railroad at all times and seasons forever hereafter into, along, through and out of our land as above described.

"To have and hold the right of said passage right of way and privileges to said Powells Valley Railroad Company and its successors forever through said lands. Witness our hands," etc.

Said railroad company did not fence its right of way through the Burchfield land, and, as stated, prior to March, 1924, at the place in question, there was only one track, i. e., the main line track. There were no other structures or operations on the right of way at the place in question. At some time prior to March, 1924, the defendant, Southern Railway Company, acquired and became the owner of all the rights and property of the Powells Valley Railroad Company, of course, including the track and right of way in question, and it is, therefore, the successor to the said Powells Valley Railroad Company.

The defendant did not introduce in evidence the charter of the Powells Valley Railroad Company, but insists that since said company was incorporated under Acts 1875, chapter 142, section 6, (Shannon's Code, secs. 2412, 2413) which required all charters of railroad companies incorporated under it to contain a provision that said corporations should "have the rights, in pursuance of the general law authorizing the condemnation of private property for works of internal improvement, as set forth in (Code) sections 1844 to 1867, inclusive, to appropriate as an easement the right of way, not exceeding two hundred feet, over the land of any person through which the line of the track may be located," and since the deed from Burchfield to said Powells Valley Railroad Company did not specifically define the width or location of the right of way therein conveyed, said company thereby acquired a right of way two hun-

dred feet wide, i. e., one hundred feet on each side of the center line of said track which said Powells Valley Railroad Company built pursuant to said deed. It further insists that having thus acquired a two hundred foot right of way, i. e., one hundred feet on each side of the center line of the main track, neither the possession of that part of the lot which was within said right of way by the plaintiff and his predecessors, nor the use and maintenance by the public of the road, was adverse or prescriptive as to said railroad companies, since they did not need or attempt to use those parts of the right of way until March, 1924.

Said Act of 1875 provides a form of charter for railroad corporations incorporated under it, and this form contains the provision that said companies shall have the right to appropriate a right of way not exceeding two hundred feet in width, etc. Since the Powells Valley Railroad Company was incorporated under said Act of 1875, its charter must have contained the provision authorizing it to appropriate a right of way not exceeding two hundred feet, and we think it unimportant that the defendant failed to offer in evidence the charter of said Powells Valley Railroad Company. Anderson-Dulin-Varnell Co. v. Williams, 148 Tenn., 388, 255 S. W., 597.

The charter thus containing the provision authorizing the condemnation and appropriation of a right of way not exceeding two hundred feet in width, and the deed conveying a right of way "for the purpose of constructing and operating a railroad at all times and seasons forever," without defining or fixing the width or location of said right of way, it seems to us that it (said deed) should be construed as conveying a right of way two hundred feet in width. While Southern Railroad Co. v. Vann, 142 Tenn., 76, 216 S. W., 727, and Railroad v. Cochrane, 71 Tenn., 479, may not be exactly in point, yet the foregoing conclusion is in harmony with the reasoning upon which those cases were decided. And it seems to us that when the Powells Valley Railroad Company built the main line track the location of its two hundred foot right of way thereby became fixed at one hundred feet on each side of the center line of said track.

Having thus acquired said two hundred foot right of way, so much of plaintiff's lot as was covered thereby was not held by plaintiff or his predecessors adversely to said Powells Valley Railroad Company or to defendant. Railroad Co. v. Telford, 89 Tenn., 294, 14 S. W., 776; Railroad Co. v. French, 100 Tenn., 209, 43 S. W., 771; Railroad Co. v. Donovan, 104 Tenn., 465, 58 S. W., 309. Neither did Claiborne county nor the public acquire any prescriptive right in said right of way by virtue of the maintenance of said public road—the record merely showing that said road was used by the public and was worked by the county—there being no showing of a dedication or grant, etc., of said road to the public by any one claiming to own the land adversely to the railroad company, or

anything else to show an adverse claim of right. C. N. O. & T. P. Ry. Co. v. Sharp, 141 Tenn., 146, 207 S. W., 728.

Since the side track complained of was built on its own right of way we think the defendant was entitled to have had a verdict directed in its favor in the court below on its motion therefor, and that the trial court erred in not so directing said verdict.

But the plaintiff insists that the deed or conveyance from Burchfield and wife to the Powells Valley Railroad Company did not sufficiently describe the tract of land through which the right of way was given and was therefore void. The court made no mention of this contention of the plaintiff in his general charge to the jury, but after the conclusion thereof he charged the jury at the special written request of the plaintiff, as follows:

"I charge you that a deed is void for want of sufficient description of the property sought to be conveyed when the deed fails to contain such description as that a stranger cannot take the deed and go into the neighborhood and upon the premises and locate and find the property sought to be conveyed. If the description in the deed is not sufficient to so enable a stranger to so go upon the premises and locate and find the property by such description, then the deed would be void for failure of description. This is plaintiff's contention in this case."

There was no evidence offered tending to show that the Burchfield tract of land could not be readily located from the description contained in the deed, or that a stranger could not take the deed and go into the neighborhood and upon the premises and locate and find the property, etc. It appears from the evidence and from stipulations of counsel that W. M. Burchfield inherited a tract of land which had been a part of the old Burchfield farm, in the old 9th Civil District of Claiborne County; that at the place where the railroad track was later constructed across it, this tract of land was some 400 or 500 yards long and some fifty yards wide, and that said railroad track crossed said tract of land crosswise instead of lengthwise; that said track was constructed across said tract pursuant to said Burchfield deed and that plaintiff's lot had constituted a portion or part of said tract of land, plaintiff having acquired it through conveyances from Burchfield; and that at the time of said deed from Burchfield to the Powells Valley Railroad Company and at the time of the construction of said track, Burchfield was still the owner of plaintiff's lot which was at that time merely a portion or part of said Burchfield tract and had not then been conveyed by Burchfield.

The deed from Burchfield to the Powells Valley Railroad Company described the land as being in the 9th Civil District of Claiborne county and as being Burchfield's part of the old Burchfield farm, and as "a tract of land lying between the Knoxville &

Jacksboro roads, adjoining the lands of S. A. Cowan, Tim Whiteaker, Robert Thompson, and others," and the record shows that both the Knoxville and the Jacksboro roads were well known public highways.

In view of the foregoing we do not think there was any issue which should have been submitted to the jury as to the sufficiency of the description contained in the Burchfield deed or as to the validity of said deed.

The judgment of the trial court will be reversed and the case will be dismissed at the cost (including the costs of the appeal) of the plaintiff below, Abe Moore.

Portrum and Snodgrass, JJ., concur.