J. L. PEMBERTON *v.* SOUTHERN RAILWAY COMPANY.

(*Nashville,* December Term, 1930.)

Opinion filed January 19, 1931.

E. R. TAYLOR, for complainant, appellant.

DONALDSON & MONTGOMERY, for defendant, appellee.

MR. JUSTICE MCKINNEY delivered the opinion of the Court.

In 1913, complainant sold to defendant a lot seventy feet long and sixty-four feet wide in the town of Rutledge. The deed conveyed a fee-simple title, with the usual covenants. It is silent as to the purpose for which the lot was conveyed or the use to which it was to be put. It contains neither a reservation nor reversion clause. It does recite that the lot is north of and adjoining the railway right of way.

The bill charges that this lot was purchased for depot purposes and was so used until 1928, when defendant removed its track and ceased to operate said road. The bill further charges that the railway company only acquired an easement in the lot, which terminated when the road was abandoned. The bill asked the court to decree that complainant owns the fee in said lot and is entitled to its possession. The deed in question was made an exhibit to the bill. The chancellor sustained a demurrer to the bill and dismissed it, and complainant has appealed.

The rule approved in most jurisdictions is thus stated in 51 Corpus Juris, 536-537, to-wit:

"Where there has been a grant or conveyance of land to a railroad company, the question as to what estate or

interest is thereby acquired by the company must be determined from the intention of the parties as shown by the whole instrument, as construed in connection with the railroad company's charter or governing statutes, and, in case of ambiguity, with the accompanying circumstances. As thus construed the grant or conveyance may convey the title in fee, a mere easement, a fee simple in land taken by the company for the roadbed, and an easement in adjoining land for certain purposes; or the grant or conveyance may create a lease of a tenancy at will, or an option, or it may amount merely to a temporary use during the continuance of a joint enterprise between the company and the owner of the land. But ordinarily, where no limitation or restriction upon the right conveyed to a railroad corporation in lands or property necessary for its use appears in the grant, the grantee takes all the estate possessed by the grantor, and only such right or title as he possesses."

In the absence of a statute forbidding it, property can be conveyed to a railroad corporation just as it can to an individual, and the power to so acquire property can only be questioned by the State.

Looking to the deed in question, it appears beyond doubt that complainant conveyed his entire interest in said lot without condition, restriction or reservation, and received full value therefor. In such circumstances there is no equity in favor of complainant. It was so held by this court in *Barrow* v. *Nashville & Charlotte Turnpike Company*, 28 Tenn., 306. In that case complainant had sold an acre of ground to the turnpike company on which to erect a tollgate and a house to be occupied by its keeper. It subsequently removed the tollgate and rented the house to a blacksmith. The bill asked that the

contract be rescinded. In denying such relief the court, speaking through Judge GREEN, said:

"It is true that the power of this corporation to hold real estate, is, by the charter, limited to that which was necessary to build the road, and to sites for the erection of gates; and that this power had been expended previously to the erection of this gate; but this want of power in the corporation to contract for, and hold land, creates no equity in behalf of the vendor to rescind the contract. It is a matter of no concern to him whether the corporation exceeded its powers or not. The State from whom they receive their existence, and by whose authority they exercise their powers, may institute proceedings against them for this excess of power."

This principle of law is well supported by authority. 22 Ruling Case Law, 813; *Bank of Commerce & Trust Co.* v. *Banks,* 161 Tenn., 11, 28 S. W. (2d), 340.

We have no statute prohibiting railroad companies from taking title to property in fee simple. Construing this deed, in connection with our governing statutes, we readily conclude that the parties intended that the purchaser should take a fee-simple title to this lot.

In 51 Corpus Juris, 539, it is said: "as a general rule, where land obtained by purchase or agreement is conveyed by an instrument which purports to convey a right of way only, it does not convey title to the land itself, but the railroad company acquires a mere easement in the land for right of way purposes, leaving the fee subject to such servitude in the owner, particularly where the deed provides for reverter to the grantor in case the land is not used for such purposes."

The cases to which we have been referred by counsel for complainant come within the above rule. In each of

the deeds construed in those cases there was some limi-
tation or qualification evincing an intention to grant only
an easement.  There are no such provisions in the deed
in question.

There is no error in the decree of the chancellor, and
it will be affirmed.