NASHVILLE, CHATTANOOGA & ST. LOUIS RAILWAY, COMPLAINANT, APPELLANT, *v.* ROBERT BELL *et al.,* DEFENDANTS, APPELLEES.

(*Jackson,* April Term, 1931.)

Opinion filed June 11, 1931.

Fenner Heathcock, Fitzgerald Hall and Ed. T. Seay, for complainant, appellant.

W. M. Miles, H. H. Lannom, Robt. Bell and George A. Gibbs, for defendants, appellees.

Mr. Justice Cook delivered the opinion of the Court.

The bill was filed under the Declaratory Judgments Law to have a deed construed and determine the rights of the parties. The deed which was executed April 5, 1867, reads:

"This deed of conveyance made by George W. Gibbs of the County of Obion, and State of Tennessee, of the first part, and the Nashville & Northwestern Railroad Company of the second part, witnesseth that the said George W. Gibbs in substitution for a deed heretofore given to the said Nashville and Northwestern Rail Road Company of the following described piece or parcel of land (which said deed is lost) and for the further consideration of one dollar in hand paid by the said Nashville & Northwestern Railroad Company he the said Gibbs hereby bargains, sells and conveys unto the said Rail Road Company the following described tract, parcel or piece of land lying adjoining the original plat of said Town of Union City as laid off by said Gibbs in Obion County, State of Tennessee & bounded as follows: (Then follows the description.)

"To have and to hold said land to the President Directors & Company of the said Nashville and Northwestern Railroad Company and their successors to be forever used enjoyed by the said company for Rail Road purposes only and not to be sold by said company or leased to any party for any purpose in whole or in part without the consent of the said George W. Gibbs or his legal heirs or representatives. And the said George W. Gibbs for himself his heirs and assigns covenants and

agrees to and with the said Nashville & Northwestern Rail Road Company to warrant and defend their title to the same.''

This former deed, the record shows, was made in 1854 or 1855, before the railroad was constructed.

The chancellor held that complainant, as successor to the Nashville and Northwestern Railroad, took an easement only. He was of the opinion that the case of *Illinois Central R. Co.* v. *J. W. Harlin,* Ms., Jackson, June, 1914, was controlling. The conveyance in that case was for a right of way and depot grounds. The court followed *McLemore* v. *Railroad,* 111 Tenn., 639, 69 S. W., 338, holding that the grant of a right of way to a railroad carried only an easement.

The Court of Appeals, looking to the words and structure of the instrument here involved, and viewing them in the light reflected by the situation existing when the conveyance was made, held that the railroad acquired the estate in fee. The case came to this court upon *certiorari* to the Court of Appeals.

The defendants, heirs at law of George W. Gibbs, the grantor, insist that the railroad acquired only an easement for necessary railroad purposes and that they are entitled to the use of such portions of the land as are not used for necessary railroad purposes, upon the theory that an easement only was conveyed, and that their rights are controlled by the cases of *Railway* v. *Telford Heirs,* 89 Tenn., 293, 14 S. W., 776; *Railroad* v. *French,* 100 Tenn., 209, 43 S. W., 771; *Railroad* v. *Donovan,* 104 Tenn., 465, 58 S. W., 309; *Railroad* v. *Crow,* 108 Tenn., 17, 64 S. W., 485, and *Southern Ry. Co.* v. *Vann,* 142 Tenn., 76, 216 S. W., 727.

The estate acquired by the Railroad Company is to be determined from the intention of the parties

gathered from the deed construed in connection with the Company's charter, or governing statutes, and in case of ambiguity, if any, in the light of the circumstances surrounding the execution of the deed. Such is the rule stated in our recent cases of *Pemberton* v. *Railway*, 162 Tenn., 65, 34 S. W. (2d), 444, and *Farrar* v. *Railway*, 162 Tenn., 313, 36 S. W. (2d), 95.

The statute, section 3672, Shannon's Code, declares that every grant or devise of land passes the estate in fee unless the intent to pass a different estate, ''shall appear by express terms, or be necessarily implied in the terms of the instrument.'' Giving effect to this statute, the courts say in determining what estate the grantor intended to convey, the deed as a whole is to be considered and the intention of the grantor gathered, if possible, by giving all the words used their appropriate meaning. *Beecher* v. *Hicks*, 75 Tenn. (7 Lea), 206; *Fogarty* v. *Stack*, 86 Tenn., 610, 8 S. W., 846; *Teague* v. *Sowder*, 121 Tenn., 132, 114 S. W., 484; *Travis* v. *Sitz*, 135 Tenn., 156, 185 S. W., 1075.

In *Hicks* v. *Sprankle*, 149 Tenn., 310, 257 S. W., 1044, the court said: ''Recognized rules of construction must be observed in determining the effect of the conveyance. A primary rule is that the intention of the parties as drawn from the whole instrument shall govern, and, where the intention is uncertain, resort may be had to subordinate rules of construction.'' And that it is a subordinate rule of construction ''where an estate in fee is conveyed by the granting clause of a deed, and the *habendum* contains irreconcilable provisions, the repugnant clause of the *habendum* will be rejected.''

Here the grantor conveyed ten acres of land out of a five thousand acre tract, on which he contemplated the establishment of the Town of Union City. The descrip-

tion in the deed and a plat in the record show that this ten acre tract was laid off in two connecting squares resembling the letter L. The size and shape of the tract excludes the inference that it was conveyed for a right of way.

The complainant and its predecessor were authorized by statute to acquire and hold lands in fee for necessary railroad, and other purposes. Chapter 1, Acts of 1845-6; chapter 74, Acts of 1851-2; *Burnett* v. *Railroad,* 36 Tenn. (4 Sneed), 528; *Railroad* v. *Cowardin,* 30 Tenn. (11 Humph.), 347.; *Pemberton* v. *Railway, supra; Farrar* v. *Railway, supra.*

In these cases, conveyances of land for depot grounds were held to pass the fee. The deed executed March 21, 1867, recites that it was given to supply a lost deed which, as shown by the evidence, was executed sometime in 1854, and before the location and construction of the Nashville and Northwestern Railroad through the grantor's land. After the first deed was executed the railroad was constructed, it appearing that it was completed sometime during the year 1855, and the Nashville and Northwestern Railroad took possession of the land involved.

The Town of Union City, now a city of 7500 inhabitants, surrounds the ten acre tract which has been in possession of complainant and its predecessor continuously since 1855. The railroad track runs across it, the passenger depot is located on a portion of it, some of it is devoted to side tracks. Surrounded as it is by Union City, a portion of it is used for a public street and a portion near the depot for a public park. Other portions have been leased from time to time by the railroad and used for various purposes.

The railroad went into possession of the land and held it throughout these years under the deed, heretofore quoted, of defendants' ancestor through whom they claim. In that deed he conveyed his entire interest without reservation of any estate upon which an easement could rest. Nothing on the face of the deed indicates that it was the conveyance of a right of way.

"A 'right of way' in its legal and generally accepted meaning in reference to a railroad company's interest in land is a mere easement for railroad purposes in the lands of others; and therefore, as a general rule, where land obtained by purchase or agreement is conveyed by an instrument which purports to convey a right of way only, it does not convey title to the land itself, but the railroad company acquires a mere easement in the land for right of way purposes, leaving the fee subject to such servitude in the owner." 51 C. J., section 203, p. 539.

See also Washburn on Real Property (6 Ed.), section 1228.

On the other hand:

"A grant or conveyance to a railroad company which has power to acquire by purchase such real estate as may be necessary for the construction and operation of its road, and to take a fee-simple title thereto, will be held to convey a fee-simple title in the land and not a mere easement where such appears to be the intention of the parties as construed from the instrument as a whole, particularly where the conveyance is in the usual form of a general warranty deed, or quitclaim deed, without any words of limitation or restriction and without purporting to convey merely a right of way." 51 C. J., section 202, p. 537.

██ The words of the deed, situation of the parties, the size, shape and location of the tract of land conveyed, exclude the inference that the grantor intended to convey merely a right of way or merely an easement. It will be seen by reference to the deed that the granting clause conveys the entire estate, followed by the declaration in the *habendum.*

"To have and to hold said land to the President Directors & Company of the said Nashville and Northwestern Railroad Company and their successors to be forever used enjoyed by the said company for Rail Road purposes only and not to be sold by said company or leased to any party for any purpose in whole or in part without the consent of the said George W. Gibbs or his legal heirs or representatives. And the said George W. Gibbs for himself his heirs and assigns covenants and agrees to and with the said Nashville & Northwestern Rail Road Company to warrant and defend their title to the same."

No effect can be given the provision of the *habendum* subjecting enjoyment of the estate granted to the will of the grantor's heirs because the grantor reserved no right of present or future use of the land or any portion of it or any interest in the land for himself or his heirs and reserved no right to the proceeds of any lease or sale of any portion of the land. No right having been reserved, no benefit could inure to the heirs of the grantor under any lease or conveyance made with or without their consent.

"A grantor cannot create an estate in fee simple in his grantee and attach conditions inconsistent with this essential right of alienation. Thus, a condition in a grant of a fee which restrains all power of alienation is void, as inconsistent with the nature of the estate granted. 'It is absurd and repugnant to reason that he that hath no

possibility to have the land revert to him should restrain his *feoffee* in fee of all his power to alien because his whole interest is out of him, so he hath no possibility of reverter, and it is against trade and traffic and bargaining and contracting.'' Hawley and McGregor on Real Property, p. 48; *Kepler* v. *Larson,* 7 L. R. A. (N. S.), 1109.

■ The recital in the *habendum* clause ''to be forever used enjoyed by the said company for Rail Road purposes only'' does not import a condition that would work a forfeiture upon disuse, there being no provision authorizing reverter upon condition broken. 8 R. C. L., section 159, p. 1101; section 162, p. 1104; *Murdock* v. *Memphis,* 47 Tenn. (7 Cold.), 483.

■ The phrase ''for railroad purposes only'' was merely a declaration of the purpose for which the land was intended to be used and did not limit the estate conveyed. *Ramsey* v. *Edgefield & Kentucky R. Co.,* 3 Cooper, 175; *McElroy* v. *Pope,* 44 L. R. A. (N. S.), 1220; *Kilgore* v. *Cabell County,* L. R. A. 1918B, 692; *Dowmen* v. *Rayburn,* 3 Am. Cas., 36; *Shreve* v. *Norfolk & W. R. Co.,* 23 L. R. A. (N. S.), 771.

■ Such a declaration, without more, could not impose a limitation of the fee nor authorize the court to imply a condition subsequent. *Stuart* v. *Easton,* 170 U. S., 383; *Thompson* v. *Hart,* 135 Ga., 540. At most it could imply a personal covenant that was fulfilled by location of the railroad through the grantor's five thousand acre tract. This conclusion is supported in principle by our cases of *Carnegie Realty Co.* v. *Railroad,* 136 Tenn., 300, 189 S. W., 371; *Southwestern Presbyterian University* v. *Clarksville,* 149 Tenn., 256, 259 S. W., 550; *Walker* v. *Shelby County School Board,* 150 Tenn., 202, 263 S. W., 792. See also 8 R. C. L., section 161, p. 1103.

The grantor having conveyed the entire estate without condition or reservation, and the restraint upon alienation being void, it follows that the conveyance passed an estate in fee. There is no error in the decree of the Court of Appeals.

Affirmed.