BAIRD *et al. v.* SOUTHERN RY. CO. *et al.*

(*Knoxville,* September Term, 1942.)

Opinion filed December 18, 1942.

HARRY B. BROWN, of Jellico, and WALTON PERKINS, of LaFollette, for appellant.

CATES, SMITH & LONG, of Knoxville, and H. K. TRAMELL, JR., of Jellico, for appellee.

MR. JUSTICE DEHAVEN delivered the opinion of the Court.

The question presented for determination is the proper construction of the following deed with particular reference as to whether a fee or an easement was conveyed thereby.

"Know All Men by These Presents, That Lewis Baird of the County of Campbell and State of Tennessee in consideration of the benefits derived from a railroad which it is proposed to construct, and the further consideration that a Depot be erected as near the center of the hereinafter described lands as the grounds will permit and the further consideration of one dollar to him in hand paid, the receipt whereof is hereby acknowledged, has this day bargained and sold, transferred

and conveyed to the Knoxville & Ohio Railroad Company and its assigns forever the right of way and roadbed and 150 feet on East & 50 feet on west from the center of said road bed according to the survey and location of the engineers of said company along and through the tract of land described as follows: Crossing the line of railroad on the South at Station 419 & 20 and on the north at 489 & 30 along said survey, and bounded by the lands of Jesse Baird and David Baird, and lying in the 11th Civil District. But it is hereby distinctly understood and agreed that if a railroad shall not be built through said land then this deed shall be void, and the title revert to his heirs or assigns. It is further understood and agreed that said land shall be used occupied and enjoyed for purposes legitimately connected with the road and for no other purpose whatever.''

The grantee, Knoxville & Ohio Railroad Company, on December 31, 1903, conveyed the described tract of land to the Southern Railway Company. On June 8, 1940, the Southern Railway Company conveyed approximately one-half of the described land to A. J. Long and wife, Dessie Long, and ceased to use the land thus conveyed to the Longs for railroad purposes.

It is the theory of complainants (heirs-at-law and next of kin of Lewis Baird and Mary Baird) that the deed executed by Lewis Baird and wife Mary Baird to the Knoxville & Ohio Railroad conveyed only a right-of-way or easement for railroad purposes; that the sale of the southerly 100 feet of the described premises to A. J. Long and wife, to be used for other than railroad purposes constituted an abandonment by the Southern Railway Company and that thereupon the title reverted to the heirs of Lewis Baird and wife. On the other hand, it is the theory of defendants that the deed of Baird and

wife, dated December 8, 1881, conveyed to the Knoxville & Ohio Railroad Company title in fee to the described land.

The case was heard by the chancellor on the pleading, written stipulation of facts and exhibits thereto. The chancellor found and decreed that the deed from Baird and wife conveyed to the Knoxville & Ohio Railroad Company the title in fee to the parcel of land therein described; that this title in fee passed by deed from the Knoxville & Ohio Railroad Company to the Southern Railway Company and by the deed of the latter to A. J. Long and wife. The chancellor dismissed the bill. Complainants have appealed to this court and assigned errors.

The only assignment of error is that the chancellor erred in holding that the deed from Lewis Baird and wife conveyed a title in fee to the Knoxville & Ohio Railroad Company to the property therein described.

Section 7597 of the Code of Tennessee declares that every grant or devise of land passes the title in fee "unless the intent to pass a less estate or interest shall appear by express terms, or be necessarily implied in the terms of the instrument."

Giving effect to Code, section 7597, the court has held that in determining what estate the grantor intended to convey, the deed as a whole is to be considered and the intention of the grantor gathered by giving all the words used their appropriate meaning. *Nashville, etc., Ry.* v. *Bell,* 162 Tenn., 661, 39 S. W. (2d), 1026; *Pryor* v. *Richardson,* 162 Tenn., 346, 37 S. W. (2d), 114.

The conveying clause in the deed from Baird and wife to the Knoxville & Ohio Railroad Company is as follows: ". . . has this day bargained and sold, transferred and conveyed to the Knoxville & Ohio Railroad Company and its assigns forever the right of way and roadbed

and 150 feet on East & 50 feet on west from the center of said road bed according to the survey . . . ''

In *Nashville, etc., Ry.* v. *Bell, supra,* the court quoted with approval the following from 51 C. J., 539:

" 'A "right of way" in its legal and generally accepted meaning in reference to a railroad company's interest in land is a mere easement for railroad purposes in the lands of others; and therefore, as a general rule, where land obtained by purchase or agreement is conveyed by an instrument which purports to convey a right of way only, it does not convey title to the land itself, but the railroad company acquires a mere easement in the land for right of way purposes, leaving the fee subject to such servitude in the owner.' '' [162 Tenn., 661, 39 S. W. (2d), 1028.]

It will be observed that Baird and wife conveyed to the railroad "the right of way and road bed and 150 feet on east and 50 feet on west from the center of said roadbed." The deed does not purport to convey a right of way only. It conveys the right of way and roadbed and land on each side of the roadbed. The conveyance of the "roadbed" and 150 feet on the east and 50 feet on the west from the center of the roadbed indicates an intention to convey more than an easement.

After the description of the land conveyed, the Baird deed recites:

"But it is hereby distinctly understood and agreed that if a railroad shall not be built through said land then this deed shall be void, and the title revert to his heirs or assigns."

A railroad was built through the land by the grantee in the deed, which has been in continuous operation ever since.

The deed further recites:

"It is further understood and agreed that said land shall be used occupied and enjoyed for purposes legitimately connected with the road and for no other purpose whatever."

This restrictive language was a mere declaration of purpose and not restriction of estate conveyed and does not import a condition that would work a forfeiture upon disuse, there being no provision for reverter upon condition broken. *Nashville, etc., Ry.* v. *Bell, supra.*

The decree of the chancellor must be affirmed.