# SOUTHERN RAILWAY COMPANY v. MIKE GRIFFITTS et ux.—304 S. W. (2d) 508.

Eastern Section.   March 26, 1957.

Petition for Certiorari denied by Supreme Court July 29, 1957.

Donaldson, Montgomery & Kennerly, Knoxville, **for** plaintiff in error.

Goddard & Gamble, Maryville, for defendants in error.

McAMIS, P. J. This is a suit for damages under T. C. A. sec. 23-1423 providing:

"Action initiated by owner.—If, however, such person or company has actually take[n] possession of such land, occupying it for the purposes of internal improvement, the owner of such land may petition for a jury of inquest, in which case the same proceedings may be had, as near as may be, as hereinbefore provided; or he may sue for damages in the ordinary way, in which case the jury shall lay off the land by metes and bounds and assess the damages, as upon the trial of an appeal from the return of a jury of inquest."

The defendant Southern Railway Company, upon being required to do so, filed a number of special pleas, among other things denying that plaintiffs were the owners of the strip of land "25 feet in width and 265 feet in length, referred to in plaintiffs' declaration" and asserting that it was the owner of said strip of land.

The trial judge, at the close of all the evidence, overruled defendant's motion for a directed verdict and instructed the jury that the defendant had entered upon the land and appropriated it without authority and that plaintiffs were entitled to recover for "the quantity and quality of the land actually taken, as may have been shown by the proof." The jury returned a verdict for $2,250 reporting that the value of the land actually taken was $250 and the incidental damages to the remainder $2,000. Judgment was entered on the verdict for $2,250.

Defendant filed a motion for a new trial which was overruled and it has appealed insisting (1) that it acquired the strip of land in fee from The Tennessee Lumber Canal Co. which had acquired it from plaintiffs' predecessors in title, Josiah Gamble et al., by deed dated April 5, 1900, and (2) that, in any event, it should be granted a new trial because the jury failed to set off the land by metes and bounds to the statutory width of 100 feet on each side of the track under T. C. A. sec. 65-609, providing:

"The corporation shall have the right, in pursuance of the general law authorizing the condemnation of private property for works of internal improvement, to appropriate as an easement a right-of-way, not exceeding two hundred (200) feet, over the land of any person through which the line of the track may be located."

■ The first question requires a construction of the deed from Gamble et al. to Tennessee Canal Company. As we understand, defendant does not insist that the Court erred in taking the question of construction from the jury but, rather, that the deed, as a matter of law, conveyed the fee-simple title and not an easement as plaintiffs insist. The language of the deed which is on a printed form is that there was "granted, bargained and sold * * * a strip of land twenty-five feet in width on each side of railroad track, in and through our lands * * * which are bounded as described as follows:" Then follows a general description by naming the adjoining landowners, concluding with the following: "the said line of railroad shall strike my lands at the place where Mable surveyed and follow the said Mable survey throughout and ending with his survey."

The reference to the Mable survey is in writing. The printed portion immediately following is as follows: "together with free ingress, egress and regress upon said tract of land above mentioned, for the purpose of constructing and operating a railroad with necessary tracks and side tracks, * * * and the right to borrow from and dump upon the same dirt and rock; and the said party of the second part is given full power to sell, lease, assign or mortgage the leasement herein conveyed." The deed concluded with the usual covenants and warranties, followed by: "to have and to hold the land above described and conveyed to said Tenn. Lumber Canal Co. and his assigns forever." Printed on the back are the words: "Right of Way, from————to ———————.""

It will be noted that in general the form of the instrument is that of a deed, although there are variations,

particularly with respect to the habendum clause which follows the covenants rather than the description of the property.

It is significant, however, that it is the entire property owned by the grantors which is described. The twenty-five foot strip is not described but located on the described tract by referring to the Mable survey and providing that the "line of railroad shall strike" at the Mable survey. There are other provisions which seems to us wholly inconsistent with the notion of a grant of the fee title. If the intention was to grant a fee, why was it provided that the grantee could dump rock and dirt on the land and why should it be given the right to sell, lease and mortgage the property? It would need no authority to do either if it acquired the fee. And the term "assign" seems inappropriate to a fee title, as does the term "leasement" which either means a leasehold or an easement and neither is descriptive of an estate in fee.

Construing the instrument as a whole and considering the size and shape of the land we think it is apparent that the intent and purpose of the instrument was to grant only an easement for railway purposes.

■ As said by Mr. Chief Justice Neil in Hutchison v. Board, 194 Tenn. 223, 250 S. W. (2d) 82, in construing a deed the court is concerned alone with the grantor's intention as gathered from the language of the entire instrument and surrounding circumstances and in arriving at such intention from conflicting or repugnant clauses technical rules as to division of deeds into formal parts will not prevail against the manifest intent of the parties.

And see numerous cases cited in the opinion.

In Nashville, C. & L. St. L. Ry. v. Bell, 162 Tenn. 661, 39 S. W. (2d) 1026, strongly relied upon in defendant's brief, the only circumstance supporting the hypothesis of an easement was a provision contained in the habendum that the land conveyed was to be used for railroad purposes. This was held insufficient in view of the fact that the 10-acre tract conveyed was not in the shape of a right of way. None of the circumstances above mentioned was involved. Baird v. Southern Ry. Co., 179 Tenn. 336, 166 S. W. (2d) 617 is distinguishable for the same or similar reasons. Each case must be determined on its own peculiar facts. For general discussion of cases of this nature see 132 A. L. R. 143, et seq.; and see 44 Am. Jur. 316, Railroads, 102.

The holding of the court that, if an easement, it was abandoned many years before defendant entered upon the land and constructed a new line in 1954 is not assigned as error.

█ We are also of opinion defendant was not entitled to a new trial on the ground that the judgment limits the width of the right of way to 25 feet. Predicating its rights upon a prior grant, it made no claim to the 100 feet on plaintiffs' side of track which it might have acquired by condemnation under T. C. A. sec. 65-609 above quoted and there is no showing that it had entered upon and appropriated any of plaintiffs' property outside the 25-foot strip which it claimed to own. In fact, it was stipulated at the trial that the ''construction'' was ''within said strip of land''.

Relying upon Southern Railway Co. v. Vann, 142 Tenn. 76, 216 S. W. 727; Southern Railway Co. v. Moore, 7 Tenn., App. 319 and Railway Co. v. Telford's Executors,

89 Tenn. 293, 14 S. W. 776, defendant insists that when a railroad enters upon land and constructs thereon a track, the presumption is that it takes the full 200 feet which the statute authorizes. In the first two cases, the Railway Company held under a deed which failed to fix the width of the right of way. In the Telford case the charter of the Railway Company provided that in the absence of contract "it shall be presumed that the land upon which the said road may be constructed, together with a space of 100 feet on each side of the center of said road, has been granted to the company by the owner thereof, and the said company shall have good right and title thereto * * *." [89 Tenn. 293, 14 S. W. 777.]

The statute, T. C. A. sec. 65-609, above quoted merely gives railroad companies the power to condemn "not exceeding two hundred (200) feet". We are not advised what defendant's charter provides in this regard.

Assuming but not deciding that a railway company in a proceeding like the present, instituted by the landowner under T. C. A. sec. 23-1423, by proper and timely action, may indicate that it needs land beyond that actually occupied and have the damages assessed on that basis, we hold that, by claiming under the Gamble deed which fixed the width at 25 feet, defendant indicated that 25 feet would be sufficient for its needs. It was not until the jury had assessed the damages on that basis and had been discharged that defendant made known its contention that its claim extended 75 feet further upon plaintiffs' property. We know of no reason why defendant could not have asked for this alternative or additional relief as well in the Circuit Court as in this court. We think it would be unfair both to the Court and to plain-

tiffs to follow its contention at this time and remand the case for a new trial.

██ Complaint is also made that the jury failed to set off the land by metes and bounds as required by the statute. We think a sufficient answer is that the only proof in the record was that defendant claimed under the deed, which fixed the width of the strip and, having failed to offer any other proof upon which the jury could act, the failure of the jury to fix the boundaries and the action of the Court in doing so was not prejudicial. If the jury had acted, under the proof it could only have allowed the same strip of land described in the judgment.

Affirmed at defendant's cost.

Hale and Howard, JJ., concur.