WILLIAM M. LILLARD

*v.*

SOUTHERN RAILWAY COMPANY.

(*Knoxville,* September Term, 1959.)

Opinion filed December 11, 1959.

C. T. ZIEGLER, Athens, VIRGIL F. CARMICHAEL, Cleveland, for appellant.

FRANK N. BRATTON, Athens, for appellee.

Mr. Justice Prewitt delivered the opinion of the Court.

The defendant below, Lillard, filed suit for damages to real property in Circuit Court for McMinn County, against defendant, Southern Railway Company, seeking damages for the taking of certain real estate near the tracks of the Railway Company.

The Circuit Judge sustained the demurrer to the declaration and this appeal resulted.

The question before us is did the deed from Lewis Ross to Hiwassee Railroad Company, convey an easement or right-of-way therein described or did the instrument convey a fee simple title?

The effect of the ruling of the Circuit Judge is that the instrument only conveyed an easement in the right of way therein described.

The instrument in question reads as follows:

"This Indenture, made this 21st day of February, 1837, between Lewis Ross of the County of Bradley, and State of Tennessee, of the one part and Solomon D. Jacobs, President of the Hiwassee Rail Road Company,

"Witnesseth:

"That the said Lewis Ross for and in consideration of the sum of One Dollar to the said Lewis Ross in hand paid by the said Solomon D. Jacobs, President as aforesaid for and on behalf of the said Hiwassee Rail Road Company, the receipt whereof is hereby acknowledged, hath bargained and sold and by these presents doth convey and confirm to the said Solomon D. Jacobs, President as aforesaid, and his successors in office, forever, for the use and benefit of the stockholders in the said Hiwassee Rail Road Company.

"The right-of-way for a railroad 200 feet in width, or so much thereof as may be necessary for the construction of said railroad, through the land or farm owned by the said Lewis Ross, on the north side of Hiwassee River, known as Walker Reservation, the said right-of-way to be on the west side of the Town of Calhoun, where the said railroad is now located, and extending the whole length of said farm to within (60) sixty feet of the top of the bank of said river, as well as all of said 200 feet which may not be necessary for the construction of said Hiwassee Railroad.

"To Have and to Hold to the said Solomon D. Jacobs, President as aforesaid, and his successors in office, with the hereditaments and appurtances thereto

belong, to be used, occupied and enjoyed by the said stockholders in the said Hiwassee Rail Road Company, their officers, agents and servants. From henceforth and forever, hereby warranting and defending the title to said right of way to the said S. D. Jacobs, President, for the use and benefit of said company to the said premises above described against the lawful title, claim and demand of all and every person or persons. In Witness Whereof, the said Lewis Ross has hereunto subscribed his name and affixed his seal the date above written.

"Lewis Ross (Seal)

"Signed, sealed and acknowledged in presence of:

"William Brittain

"Hal C. Kennox"

We are of the opinion that the instrument above conveys an easement only and does not purport to convey the fee.

It is quite evident that the grantor undertook to convey a right of way or so much of the footage that was necessary for railroad purposes.

The plaintiff below relies upon *Southern Railway Co. v. Forrest,* 13 Tenn.App. 547; *Burnett v. Nashville & Chattanooga Railroad Co.,* 36 Tenn. 528, and *Nashville, Chattanooga & St. Louis Railroad v. Bell,* 162 Tenn. 661, 39 S.W.2d 1026.

In those cases the conveyances were made to the Railway Company for the land itself.

In 17 Am.Jur. 923, Section 2, an easement is defined:

"An easement has been asserted to be a right which one person has to use the land of another for a specific purpose or a servitude imposed as a burden upon land."

In 44 Amer.Jur. page 316, Section 102 it is said:

"102.—Of or Reciting 'Right of Way'.—There are a number of decisions involving the construction of a deed to a railroad company purporting to grant a strip, piece, or parcel of land in which the result was reached that because the deed contained additional language referring in some way to a 'right of way,' it operated to convey a mere easement rather than a title in fee. The mention in such a conveyance of rights, members, and appurtenances belonging and appertaining to the strip of land conveyed, or the use of the words, 'forever, in fee simple', has been held not to enlarge such an easement into a fee. A railroad to which is conveyed a 'right of way' for 'all the uses and purposes of said railroad company so long as the same shall be used for the construction, use and occupation of said railroad company' acquires an easement only. * * *

"* * * In other words, the phrase 'for railroad right of way' in the granting clause of a deed of land to a railroad cannot be rejected as mere surplusage. The use of the words 'successors and assigns' in the granting clause of such a deed to a corporation does not amount to an express grant of a fee."

The Charter of Incorporation of Hiwassee Railroad Company provided that the Hiwassee Railroad Company was granted the power to acquire by purchase or Emi-

nent Domain a right of way two hundred feet in width for the construction and operation of a railroad, or any less breadth that the directors might accept as being necessary for such right of way.

In *McLemore v. Charleston & Memphis Railroad Co.,* 111 Tenn. 639, 69 S.W. 338, 342, it was said:

"* * * 'A grant of a right of way to a railroad company is the grant of an easement merely, and the fee remains in the grantor.' * * * The nature of an easement, for railroad right of way purposes, is so clearly stated in *Railway Co. v. Telford's Ex'rs,* 89 Tenn. 293, 14 S.W. 776, that we cannot hope to add anything to what has there been said."

See also *Southern Railway Company v. Vann,* 142 Tenn. 76, 216 S.W. 727.

In the case at Bar no attempt was made in the granting clause to convey the land but only conveyed the right of way.

In the cases relied upon by the plaintiff below the deed was made to the land and not to the right of way.

This being our view of the case we find no error in the judgment of the lower court dismissing the suit and it is affirmed.