**SMOKY MOUNTAIN RAILROAD COMPANY**

v.

**PAINE OIL COMPANY et al.**

Intervening Petition of
**Walter RUNYON, Petitioner-Appellee,**

v.

**John B. WATERS, Sr., Receiver-Appellant.**

Court of Appeals of Tennessee,
Eastern Section.

Dec. 29, 1972.

Certiorari Denied May 7, 1973.

Charles A. Maner, Knoxville, for petitioner-appellee.

John B. Waters, Jr., Sevierville, Jos. A. McAfee, Knoxville, for receiver-appellant.

## OPINION

TODD, Judge.

This is a receivership wherein Walter Runyon (hereafter called the petitioner) filed an intervening petition asserting title to certain land claimed by John B. Waters, Sr., receiver, of Smoky Mountain Railroad, a corporation. From the Chancellor's ruling favorable to the petitioner, the receiver has appealed.

There is no dispute as to the material facts.

On January 17, 1910, J. M. Hardin, petitioner's predecessor in title executed to W. J. Oliver, the receiver's predecessor in title, an instrument, the material provisions of which were as follows:

"THIS INDENTURE, executed this *17th day of January*, A.D. *1910.*, between *J. M. Hardin* of the State of *Tennessee* County of *Sevier* party of the first part, and W. J. Oliver, party of the second part:

WITNESSETH, That the said party of the first part, for and in consideration of the sum of *$1,930.00* which is evidenced by a promissory purchase money note for said amount of this date payable to the order of J. M. Hardin with interest from date and due in twenty months after date signed by W. J. Oliver, and in further consideration of the benefit to

accrue to *me* from the construction and operation of the line of railway of said company through the lands herein after described, do . . . hereby grant, bargain, sell and convey unto the said W. J. Oliver, his successors and assigns, a right of way *variable* in width over, upon and along a certain parcel of land lying in *5th* District of *Sevier* County, *Tennessee* which tract is described as follows, to-wit:"

(here follows a description of the entire property of Hardin)

"To secure the payment of the above named note, with interest and fees as therein provided, an express lien is hereby and herein retained on the right of way and property herein conveyed and all improvements that may be made thereon, such as grades, tracks, switches, depots, stations, sheds, for railroad freight purposes and other improvements —"

(here follows a description of the note)

"The right of way conveyed in this indenture being a strip of land *Variable* in width, through, over and upon the tract of land as hereinabove described and described in metes and bounds as follows, to-wit:"

(here follows a detailed metes and bounds description, concluding as follows:

"A map of said right of way is hereto attached."

The remainder of said instrument reads as follows:

"Hearby releasing all claims of homestead and dower or other legal or equitable estate inconsistent with the estate hereby conveyed in said premises.

It is expressly understood and agreed that the estate herein conveyed includes the right to have and use the premises herein conveyed for any and all railroad purposes whatever and for all uses incident to the construction and operation of a railroad.

TO HAVE AND TO HOLD said strip of land hereinabove described and hereby conveyed unto said W. J. Oliver, his successors or assigns forever.

And the said party of the first part for *himself* and _____, for *his* heirs, executors and administrators do hereby covenant with the said Oliver, his successors or assigns, that *he is* lawfully seized in fee simple of the premises above conveyed, and have full power, authority and right to convey the same, and that said premises are free from all encumbrances, and that *he* will forever warrant and defend said premises and the title thereto against the lawful claims of all persons whomsoever."

The consideration named in said instrument has been paid and the lien reserved therein has been discharged.

Petitioner is the successor in title of J. M. Hardin by inheritance. Smoky Mountain Railroad Company, and its receiver, are the successors in title to W. J. Oliver by various conveyances, mergers and reorganizations.

After the execution of the above-quoted instrument, a railroad was built upon the right of way described therein, and said railroad was actively operated by Smoky Mountain Railroad Company until about 1960.

During the present receivership, the receiver has paid all outstanding debts of the railroad and has a residue for distribution to stockholders. On April 7, 1964, upon application of the receiver, the Interstate Commerce Commission approved the abandonment of operations by the railroad "as to interstate and foreign commerce." No railroad trains have traversed the subject property since about 1960. The rails have been removed; parts of the roadbed have been fenced, leveled and otherwise disturbed; and the roadbed is generally covered with wild growth.

The petition asserts that the above-quoted instrument conveyed only an easement which has been extinguished by abandonment and prays that petitioner's title to the land be declared free of the easement.

The answer of the railroad asserts that the above-quoted instrument conveyed a fee simple title to the said 3.86 acres; that the railroad is the owner of same; that the railroad continues to exist, possesses certain railroad equipment and is considering the resumption of operations.

After hearing evidence, the Chancellor filed a memorandum opinion containing the following:

"From all the facts in this case, no conclusion can be drawn other than that of an abandonment of the right of way for railroad purposes. Any other conclusion would be to disregard the uncontroverted facts of this case. While there has been some 'talk' of re-activating the railroad, or in the alternative creating a 'bicycle path' on the right of way, there has been nothing brought to the Court's attention to indicate that this was other than 'talk.' All of the actions of the railroad, its officers and agents, has been to abandon the railroad and liquidate the corporation. This is the avowed purpose sworn to in the original complaint herein. There has been nothing done to indicate an intent otherwise. To the contrary everything done has been in the furtherance of abandonment and liquidation. The mention of a 'bicycle path' is obviously for a purpose not countenanced in the operation of a railroad."

The final decree of the Chancellor recited:

"Now, therefore, it is ORDERED, ADJUDGED, and DECREED that the Smoky Mountain Railroad Company has abandoned said premises for railroad purposes and the easement heretofore conveyed by J. M. Hardin to Smoky Mountain Railroad Company in the deed hereinabove referred to has ceased and is of no further force or effect."

The first assignment of error is as follows:

"1st. The Court erred in holding that the right-of-way involved in this appeal had been abandoned by the Smoky Mountain Railroad Company."

The entire supporting brief and argument of this assignment is as follows:

"The Court should have held that the Smoky Mountain Railroad Co. had not abandoned said right-of-way and is still an entity owning considerable assets including the right-of-way in question and other lands and personal properties which were ordered returned to the Smoky Mountain Railroad Company and its stockholders by decree entered in this cause on December 22, 1971."

Rules 12 and 13 of the Rules of this Court provide in part as follows:

### Rule 12

"The counsel for appellant, or plaintiff in error, shall file with the clerk of this court, within twenty-five days after the transcript of the record has been filed, an assignment of errors, and a brief in support of the same. Both the assignment of errors and the brief must be in triplicate and be in accord with Rule 3.

.    .    .    .    .    .

"The assignment of errors shall contain in the order herein stated:

.    .    .    .    .    .

"(2) A statement of the errors of fact or law relied upon to reverse or modify the same showing specifically wherein the action complained of is erroneous, and how it prejudiced the rights of the appellant, or plaintiff in error, with references to the pages of the record where the ruling of the court on matters constituting errors of law appeared; and, in

case it is an error of fact, to the pages of the record where the testimony relied upon to sustain the same is to be found.

. . . . . .

## Rule 13

"The brief filed with the assignment of errors (see Rule 12) shall state concisely and specifically the propositions of law and fact, without argument or elaboration, relied upon by the appellant, or plaintiff in error, to sustain the several errors assigned for reversal of the trial court. There must follow each proposition of law a citation of the authorities relied upon to sustain it and there shall follow each proposition of fact, citations to the record which are supposed to sustain the contention of the appellant, or plaintiff in error. This brief must be filed in all cases. It may be combined with the assignment of errors, or filed in a separate form. An argument will not supply the place of a brief.

. . . . . .

"When appellants, or plaintiffs in error, fail or refuse to file an assignment of errors and brief, as required by this rule, it will be taken as an abandonment of the appeal or writ of error, and the decree or judgment affirmed. Errors not assigned and supported by brief according to this rule, will be treated as waived, but the court, at its option, may notice an error overlooked by counsel."

There is ample evidence in the record to support the finding of the Chancellor, supra, that the activities and inactivity of the railroad company have been such as to indicate a permanent decision to cease operation of a railroad over the subject property. There is no evidence of substance indicating the contrary. The existence of a viable, solvent corporation is not alone satisfactory evidence of any probability that its railroad operations will ever be resumed. The action of the Interstate Commerce Commission, supra, applies only to interstate and foreign commerce; hence it does not exclude the exercise of an intrastate franchise. However, the compelling circumstances, above enumerated, all indicate permanent abandonment of railroad operations, both interstate and intrastate.

The evidence certainly does not preponderate against the finding of abandonment; hence such finding must be affirmed. T. C.A. § 27–303.

The first assignment of error is respectfully overruled.

■ The second assignment of error is as follows:

"2nd. The Court erred as a matter of law in holding that the deed dated January 17, 1910 executed by J. M. Hardin to W. J. Oliver, the original grantee of the right-of-way, merely conveyed an easement for railroad purposes and that upon the abandonment of said right-of-way, said easement ceased and the premises reverted to the petitioner, Walter Runyan, the present owner of the tract of land through which said right-of-way extends."

Appellant insists that the deed of conveyance from Hardin to Oliver, supra, transferred a fee simple title which is now owned by the receiver for the railroad.

Appellee insists that said deed conveyed only an easement which has now been lost by abandonment.

Appellant cites N. C. & St. L. Ry. v. Bell, 162 Tenn. 661, 39 S.W.2d 1026 (1931), wherein the deed in question read as follows:

"*This deed of conveyance* made by George W. Gibbs of the County of Obion, and State of Tennessee, of the first part, and the Nashville & Northwestern Railroad Company of the second part, witnesseth that the said George W. Gibbs in *substitution for a deed heretofore given* to the said Nashville and Northwestern Rail Road Company of the

*following described piece or parcel of land* (which said deed is lost) and for the further consideration of one dollar in hand paid by the said Nashville & Northwestern Railroad Company he the said Gibbs hereby bargains, *sells and conveys* unto the said Rail Road Company *the following described tract parcel or piece of land* lying adjoining the original plat of said Town of Union City as laid off by said Gibbs in Obion County, State of Tennessee & bounded as follows: (Then follows the description.)

"To have and to hold *said land* to the President Directors & Company of the said Nashville and Northwestern Railroad Company and their successors *to be* forever *used* enjoyed by the said company *for Rail Road purposes only* and not to be sold by said company or leased to any party for any purpose in whole or in part without the consent of the said George W. Gibbs or his legal heirs or representatives. And the said George W. Gibbs for himself his heirs and assigns covenants and agrees to and with the said Nashville & Northwestern Rail Road Company to warrant and defend their title to the same." 162 Tenn., pp. 664, 665, 39 S.W.2d, pp. 1026–1027. (Emphasis Supplied)

The Supreme Court held that said deed conveyed a fee simple title in spite of the language limiting use and resale, and said:

"(1) The estate acquired by the railroad company is to be determined from the intention of the parties gathered from the deed construed in connection with the company's charter, or governing statutes, and, in case of ambiguity, if any, in the light of the circumstances surrounding the execution of the deed. Such is the rule stated in our recent cases of (citing authorities).

"(2) The statute, section 3672, Shannon's Code, declares that every grant or devise of land passes the estate in fee unless the intent to pass a different estate, 'shall appear by express terms, or be necessarily implied in the terms of the instrument.' Giving effect to this statute, the courts say in determining what estate the grantor intended to convey, the deed as a whole is to be considered and the intention of the grantor gathered, if possible, by giving all the words used their appropriate meaning. (citing authorities)

"In Hicks v. Sprankle, 149 Tenn., 310, 257 S.W., 1044, 1045, the court said: 'Recognized rules of construction must be observed in determining the effect of the conveyance. A primary rule is that the intention of the parties as drawn from the whole instrument shall govern, and, where the intention is uncertain, resort may be had to subordinate rules of construction.' And that it is a subordinate rule of construction 'where an estate in fee is conveyed by the granting clause of a deed, and the *habendum* contains irreconcilable provisions, the repugnant clause of the *habendum* will be rejected.'

"The railroad went into possession of the land and held it throughout these years under the deed, heretofore quoted, of defendants' ancestor through whom they claim. In that deed he conveyed his entire interest without reservation of any estate upon which an easement could rest. Nothing on the face of the deed indicates that it was the conveyance of a right of way.

"[4] 'A "right of way" in its legal and generally accepted meaning in reference to a railroad company's interest in land is a mere easement for railroad purposes in the lands of others; and therefore, as a general rule, where land obtained by purchase or agreement is conveyed by an instrument which purports to convey a right of way only, it does not convey title to the land itself, but the railroad company acquires a mere easement in the land for right of way purposes, leaving the fee subject to such servitude in the owner.' 51 C.J. §

203, p. 539." 162 Tenn., pp. 665, 666, 668, 39 S.W.2d pp. 1027, 1028.

Thus it is seen that the disposition of Ry v. Bell rested upon the unequivocal conveyance of an absolute title in the "granting" clause with attempted limitation in the "habendum" clause. In the present case, the "consideration clause" refers to:

"the construction and operation of the line of railway . . . through the lands hereinafter described."

The "granting clause" of said instrument states:

". . . do hereby grant, bargain, sell and convey . . . a right of way variable in width over, upon and along a certain parcel of land . . ."

The "descriptive" section of the instrument states:

"The *right of way* conveyed . . . being a strip of land variable, in width; through, over and upon the tract of land as hereinabove described . . ."

. . . . . .

"A map of said *right of way* is hereto attached."

Said instrument uses the following language:

". . . the estate herein conveyed includes the right to have and use the premises herein conveyed for any and all railroad purposes whatever and for all uses incident to the construction and operation of a railroad."

The "habendum clause" refers to:

". . . said strip of land described and hereby conveyed . . ."

The "covenant and warranty clause" refers to:

". . . the premises above conveyed . . ." and "said premises and title thereto."

(Emphasis Supplied)

Thus it is seen that the situation in the present case is the reverse of that of Ry. v. Bell, supra. In the former case, the granting clause purported to convey an absolute title which the "habendum clause" attempted to limit. In the present case, the "granting clause" purports to convey only a right of way which the "habendum clause" attempts to enlarge into a strip of land.

In Ry. v. Bell, quoted supra, the Supreme Court said that the legal meaning of the words "right of way" is that of a mere easement, and that an instrument which conveys a "right of way" does not convey title, but a mere easement.

It must be concluded, therefore, that the facts which produced the decision in Ry. v. Bell are not present in the case under consideration, hence the disposition of the former case is not controlling in the present case. Rather, the facts of the present case conform to the above summarized quotations from Ry. v. Bell, and the disposition of the present case should be governed thereby.

Appellant insists that the conveyance in the present case does not contain adequate provision for a reverter for non use. Appellee concedes this point and relies fully upon the interpretation of the instrument as granting an easement rather than a title. For this reason it is unnecessary to discuss at length the authorities cited by appellant regarding reverter for breach of condition.

In Baird v. Southern Ry., 179 Tenn. 366, 166 S.W.2d 617 (1942), cited by appellant, the Supreme Court quoted with approval the statement of Ry. v. Bell, supra, that "right of way" means mere easement, but noted that the deed in question conveyed "the right of way and road bed and 150 feet on east and 50 feet on west from center of said roadbed." The Supreme Court said:

"The deed does not purport to convey a right of way, only. It conveys the right of way and roadbed and land on each

side of the roadbed. The conveyance . . . indicates an intention to convey more than an easement." 179 Tenn. at p. 370, 166 S.W.2d at p. 618.

■ Appellant relies upon the amount of consideration recited in the deed ($1,930.00) for 3.86 acres) as indicating the sale of more than a mere easement. Considering the fact that the larger tract of land stood to suffer considerable damage by being bisected by a railroad, the consideration is not a compelling circumstance.

■ Appellant relies upon the detailed description of the area affected by the instrument as indicative of an intent to convey absolute title. Considering the well-known practice of railroads to fence their rights of way, the detailed description would seem equally appropriate for either easement or fee simple deeds.

■ Appellant insists that the words,

"To have and to hold said strip of land hereinbefore described and hereby conveyed unto said W. J. Oliver his successors and assigns forever.",

constitute a conveyance of the fee. However, it must be noted that the quoted words are the "habendum clause," and not the "granting clause." In this view, "said strip of land" means "the use of said strip of land," as previously designated in the "granting clause," and no more.

■ Appellant relies upon Southern Railway Company v. Griffitts, 42 Tenn. App. 494, 304 S.W.2d 508 (1957), which was an inverse condemnation proceeding by the owner against the railroad which claimed ownership of the affected land in fee simple. This Court affirmed a jury verdict for damages and held that the claimed rights of the railroad were based upon a deed which conveyed an easement, only, which had been abandoned. The deed in question conveyed "a strip of land 25 feet in width on each side of the railroad track in and through our lands (de-scribing them)" and describing the railroad right of way according to "the Mable survey." This Court said:

"Construing the instrument as a whole and considering the size and shape of the land we think it is apparent that the intent and purpose of the instrument was to grant only an easement for railway purposes.

"[2] As said by Mr. Chief Justice Neil in Hutchison v. Board, 194 Tenn. 223, 250 S.W.2d 82, in construing a deed the court is concerned alone with the grantor's intention as gathered from the language of the entire instrument and surrounding circumstances and in arriving at such intention from conflicting or repugnant clauses technical rules as to division of deeds into formal parts will not prevail against the manifest intent of the parties. And see numerous cases cited in the opinion.

"In Nashville, C. & St. L. Ry. v. Bell, 162 Tenn. 661, 39 S.W.2d 1026, strongly relied upon in defendant's brief, the only circumstance supporting the hypothesis of an easement was a provision contained in the habendum that the land conveyed was to be used for railroad purposes. This was held insufficient in view of the fact that the 10-acre tract conveyed was not in the shape of a right of way. None of the circumstances above mentioned was involved. Baird v. Southern Ry. Co., 179 Tenn. 366, 166 S. W.2d 617 is distinguishable for the same or similar reasons. Each case must be determined on its own peculiar facts. For general discussion of cases of this nature see 132 A.L.R. 143, et seq.; and see 44 Am.Jur. 316, Railroads, 102." 42 Tenn.App., pp. 498, 499, 304 S.W.2d, p. 510.

The mere fact that the bounds of the right of way were described in Southern Ry. v. Griffitts by reference to a survey and in the present case by metes and bounds is not sufficient to distinguish the two cases.

912

The description of the right of way in the present case shows it to be 2,605 feet in length and 50 feet in width except for the eastern 431 feet where it was 100 feet in width. This shape of the affected tract is strongly suggestive of a right of way for passage rather than a tract of land for general use.

Appellant relies upon the fact that the right of way in the present case was 50 feet wide in some places and 100 feet wide at others. In view of the well-known right of way needs for cutting and filling to level a roadway, this circumstance is not considered to be controlling.

■ Appellant relies upon a provision of the Hardin to Oliver deed, supra, retaining a lien "upon the right of way and property herein conveyed . . .," however such circumstance is not sufficient to overcome the fundamental fact that the "granting clause" of the deed conveyed only a "right of way."

■ Appellant relies upon T.C.A. § 64–501, which reads as follows:

"*64–501. Grants passing full estate of grantor.*—Every grant or devise of real estate, or any interest therein, shall pass all the estate or interest of the grantor or devisor, unless the intent to pass a less estate or interest shall appear by express terms, or be necessarily implied in the terms of the instrument. [Code 1858, § 2006 (deriv. Acts 1851–1852, ch. 33); Shan., § 3672; Code 1932, § 7597.]"

The instrument, quoted supra, clearly expresses an intent to pass an estate or interest less than a fee; hence the exception is applicable and the statute does not apply.

In the case of Lillard v. Southern Railway Company, 206 Tenn. 1, 330 S.W.2d 335 (1959), the instrument stated that the conveyor, Lewis Ross,

"hath bargained and sold and by these presents doth convey and confirm to said Solomon D. Jacobs, President as aforesaid, and his successors in office, forev-

er, for the use and benefit of the stockholders in the said Hiwassee Rail Road Company.

"The right-of-way for a railroad 200 feet in width, or so much thereof as may be necessary for the construction of said railroad through the land or farm owned by the said Lewis Ross (describing same).

The Supreme Court said:

"We are of the opinion that the instrument above conveys an easement only and does not purport to convey the fee.

"It is quite evident that the grantor undertook to convey a right of way or so much of the footage that was necessary for railroad purposes.

"The plaintiff below relies upon Southern Railway Co. v. Forrest, 13 Tenn.App. 547; Burnett v. Nashville & Chattanooga Railroad Co., 36 Tenn. 528, and Nashville, Chattanooga & St. Louis Railroad v. Bell, 162 Tenn. 661, 39 S.W. 2d 1026.

"In those cases the conveyances were made to the Railway Company for the land itself.

. . .

"In 44 Amer.Jur. page 316, Section 102 it is said:

. . .

'. . . In other words, the phrase "for railroad right of way" in the granting clause of a deed of land to a railroad cannot be rejected as mere surplusage. The use of the words "successors and assigns" in the granting clause of such a deed to a corporation does not amount to an express grant of a fee.'

. . .

"In McLemore v. Charleston & Memphis Railroad Co., 111 Tenn. 639, 69 S. W. 338, 342, it was said:

'. . . A grant of a right of way to a railroad company is the grant of an

easement merely, and the fee remains in the grantor.' . . .

. . .

"In the case at Bar no attempt was made in the granting clause to convey the land but only conveyed the right of way." 206 Tenn., pp. 4, 5, 6, 330 S.W. 2d, pp. 336, 337.

In 132 A.L.R. 137 is found the case of Sherman v. Petroleum Exploration, 280 Ky. 105, 132 S.W.2d 768 (1939), wherein the court held that under a deed which conveyed "a certain strip, tract, or parcel of land for railroad right of way" the railroad received only an easement, even though the habendum clause stated that the property was to be held by the railroad "and its successors and assigns forever, with covenant of general warranty of title."

In the 45-page article following said case is an exhaustive analysis of a multitude of cases on the interpretation of railroad right of way deeds. In the summary of said article are found the following pertinent statements:

". . . If a deed to a railroad company contains nothing more than a grant of land, adequately described, the cases are practically unanimous in reaching the conclusion that it conveys a fee; but if such a deed contains nothing more than the grant of a right,—usually, but not invariably, a right of way,—they are equally unanimous in reaching the conclusion that it creates a mere easement over the land in question. . . .

. . . . . .

". . . The cases involving the construction of deeds granting a 'right' rather than 'land' seem to be generally agreed that the appearance of a habendum clause in such an instrument stating that the grant is to the grantee, his heirs or successors and assigns 'forever, in fee simple,' does not operate to transform the easement conveyed by the granting clause into an estate in fee. . . ." 132 A.L.R., pp. 144, 145.

In East Ala. R. Co. v. Doe, 114 U.S. 340, 5 S.Ct. 869, 29 L.Ed. 136 (1885) and in New Mexico v. U. S. Trust Co., 172 U.S. 171, 43 L.Ed. 407, 19 S.Ct. 128 (1898), the United States Supreme Court held that where deeds granted a "right of way," the easements thereby conveyed were not enlarged by the use of the words "forever" or "fee simple" in the habendum clause. To the same effect is Mammoth Cave Nat. Park Asso. v. State Highway Commission, 261 Ky. 769, 88 S.W.2d 931 (1935).

In East Ala. R. Co. v. Doe, supra, the Court makes a very persuasive point that where a "right of way" is conveyed to a franchised railroad "and its assigns," there can be no assignment of the right except to a qualified assignee; i. e., the holder of a railroad franchise.

No case has been found in which the instrument and circumstances were identical with those of the present case. However, a study of the declarations of the courts in similar cases indicates that the rule in the present case should favor the petitioner.

Accordingly, the conclusion of the Chancellor that the deed in question conveyed only an easement is affirmed.

Where a right-of-way is abandoned, it generally reverts upon non-user to the owner of the fee. Rogers v. City of Knoxville, 40 Tenn.App. 170, 289 S.W.2d 868 (1956).

The evidence in this record preponderates in favor of the finding of the Chancellor that the right of way easement had been abandoned.

The second assignment of error is respectfully overruled.

The decree of the Chancellor, sustaining the petition, terminating the rights of the railroad and its receiver and declaring the title of petitioner, is affirmed. The costs of this appeal are taxed against the appel-

lant-receiver. The cause is remanded for further proceedings in the receivership.

Affirmed and remanded.

SHRIVER, P. J., and PURYEAR, J., concur.