IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
February 20, 2018 Session

## BILLY EUGENE ATKINS ET AL. v. RICK ALLEN SAUNDERS ET AL.

**Appeal from the Circuit Court for Monroe County**
**No. V07168P      Lawrence Howard Puckett, Judge**

_____

### No. E2017-01077-COA-R3-CV

_____

This appeal arises from a dispute between owners of a purportedly landlocked parcel of real property and their neighbors. The landlocked owners sought condemnation of a right-of-way or easement in order to access a public road. After the trial court determined that the parcel of land had no access and a jury of view marked a road through the land of one of the neighbors, other neighbors granted a right-of-way through their properties to the landlocked parcel, which provided access to a public road. The grantors of the right-of-way then moved for summary judgment. Following a hearing at which proof was taken, the trial court determined that the granted right-of-way required revisions to be an adequate and convenient outlet. After the grantors agreed to the revisions and recorded an amended right-of-way agreement, the trial court granted the motion for summary judgment and dismissed the case. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

W. NEAL MCBRAYER, J., delivered the opinion of the court, in which JOHN W. MCCLARTY and THOMAS R. FRIERSON II, JJ., joined.

J. Lewis Kinnard, Madisonville, Tennessee, for the appellants, Billy Eugene Atkins and Judith Atkins Caughron.

John Carson III, Madisonville, Tennessee, for the appellee, Rick Allen Saunders.

H. Chris Trew and Charles C. Guinn, Jr., Athens, Tennessee, for the appellees, Lloyd Michael Atkins, Peggy Ann Atkins, Brandon Lloyd Atkins, and Melanie R. Atkins.

# OPINION

## I.

### A.

In 1962, the late Kinley Atkins acquired a large farm in Monroe County, Tennessee.  After Mr. Atkins's death in the early 1990s, his widow, Marilyn Thomas Atkins, disclaimed a portion of the farm (the "Atkins Parcel"), and its ownership fell to their three children Billy Eugene Atkins, Judith Atkins Caughron, and Lloyd Michael Atkins, who held the 65-acre Atkins Parcel as tenants in common.  Apparently, over the years, Mrs. Atkins continued to divide and convey portions of the large farm to other family members, resulting in a patchwork of owners surrounding the Atkins Parcel.

On September 2, 2011, in the Circuit Court for Monroe County, Billy Eugene Atkins and Judith Atkins Caughron (the "Atkins Plaintiffs") filed their amended complaint alleging that they had no way to access the Atkins Parcel via a public road or highway.[1]  They claimed that there was an unrecorded right-of-way over adjoining property owned by Rick Allen Saunders that served the Atkins Parcel but that Mr. Saunders had denied access to that right-of-way.  Alternatively, if there were no right-of-way over the Saunders property, the Atkins Plaintiffs requested  that the court "condemn a fifty (50) foot strip of land over [one of the neighboring] propert[ies] . . . for ingress, egress and all utilities" under the provisions of Tennessee Code Annotated §§ 54-14-101 and 54-14-102 (2008).  Among others, the Atkins Plaintiffs named as defendants Mr. Saunders and the co-owner of the Atkins Parcel, Lloyd Michael Atkins, along with his wife, Peggy Ann Atkins, and son, Brandon Lloyd Atkins.  Like Mr. Saunders, the other defendants owned property adjacent to the Atkins Parcel.

Mr. Saunders moved for summary judgment on the basis that the Atkins Parcel was not landlocked.  In support of his motion, Mr. Saunders relied on several admissions from the Atkins Plaintiffs.  Among other things, the Atkins Plaintiffs admitted that there was no right-of-way over Mr. Saunders's property that served the Atkins Parcel.  They further admitted that timber harvested from the Atkins Parcel had been removed via a logging road and that a lake on the Atkins Parcel had been accessed via "a farm road" that traversed properties of the other defendants.  The Atkins Plaintiffs also admitted that the Atkins Parcel was once part of a larger tract that had been segregated by virtue of Marilyn Thomas Atkins's disclaimer of her interest in the property.

Although it concluded the Atkins Plaintiffs' admissions supported Mr. Saunders's contention of "an easement by necessity over the 'logging road' and/or 'lake access road'

---

[1] The litigation commenced in January 2007.  Because it is not necessary to an understanding of the issues on appeal, we omit the procedural history prior to the filing of the amended complaint.

across the lands of Defendant Brandon Lloyd Atkins," the trial court denied the motion for summary judgment. Instead, the court concluded that a trial was necessary "to determine if 'sufficient cause' can be shown as to 'why the easement or right of way should not be granted to the [Atkins Plaintiffs]."

Following the trial, the court found that the Atkins Plaintiffs "ha[d] no right-of-way or legal access to the [Atkins Parcel]." In making the finding, the court concluded that an easement by necessity could not arise by virtue of a disclaimer of an interest in land. So the court ordered the appointment of a jury of view to "make a determination as to the location and extent of a right-of-way and to determine the compensation of the owner over which the right-of-way shall pass." *See* Tenn. Code Ann. §§ 54-14-101(a), -104(a), -108. The jury of view determined that the right-of-way for the Atkins Parcel to the public road should cross the property of Mr. Saunders along a route proposed by the Atkins Plaintiffs. *See id.* § 54-14-111 (authorizing the jury of view "to locate the easement or right-of-way at the place set out in the petition or any other place").

The court prepared to reconvene the jury of view for purpose of ascertaining damages. *See id.* § 54-14-108. But, because one or more of the parties anticipated objecting to the jury of view's report, the parties agreed and the court ordered that the matter be submitted for a new trial before a jury of twelve. *See id.* § 54-14-114(a). At the request of Mr. Saunders, the court also added Melanie Atkins as a defendant because of her interest in realty over which Mr. Saunders proposed an alternative right-of-way.

B.

On January 11, 2016, the course of the proceeding changed when Brandon Lloyd Atkins and Lloyd Michael Atkins and his wife, Peggy Ann Atkins, executed and recorded a right-of-way agreement, which allowed access to the Atkins Parcel from J.D. Lee Farm Road. Relying on the agreement, Lloyd Michael Atkins, Brandon Lloyd Atkins, and Melanie Atkins (collectively, the "Atkins Defendants") moved for summary judgment. Because the Atkins Plaintiffs were no longer being denied access to their property, the Atkins Defendants argued that there was no longer statutory authority to condemn a right-of-way or easement. Mr. Saunders also moved to dismiss the case on the same basis.

The trial court reserved ruling on the motion for summary judgment and the motion to dismiss. Instead, the court scheduled a hearing to allow the Atkins Plaintiffs "to present evidence addressing whether [the Atkins Parcel] remains landlocked and whether the recent Easement or Right-of-Way conveyed to [the Atkins Plaintiffs] provides an adequate and convenient access to a public road."

At the evidentiary hearing, the Atkins Plaintiffs offered the expert testimony of Jerry Hampton, a civil engineer familiar with highway construction, and the testimony of

3

Ronny Caughron, the husband of one of the Atkins Plaintiffs, Judith Atkins Caughron. Prior to testifying, both Mr. Hampton and Mr. Caughron walked the granted right-of-way.

Following the hearing, the court found that, by virtue of the granted right-of-way, the Atkins Parcel was no longer landlocked. But based on the testimony of the Atkins Plaintiffs' expert, Mr. Hampton, the court determined that modifications to the right-of-way were required in order for it to be "adequate and convenient." Specifically, the court found:

1. The Right of Way Agreement transfers and conveys to the plaintiffs an easement or right of way 15 feet in width which extends from the northwest corner of the plaintiffs' tract to the J.D. Lee Farm Road along the west line of the adjoining real property owned by Brandon Lloyd Atkins and the real property owned by Lloyd Michael Atkins and wife, Peggy Ann Atkins, such that the same is no longer landlocked, and the only issue which remains is whether this easement is sufficient under statute and common law.

2. The Court accepts the testimony of the plaintiffs' witness, Jerry Hampton, a civil engineer, that the right of way of 15 foot in width along the boundary line of the property of the Atkins defendants is sufficient for the purpose of constructing a road to the plaintiffs' tract from the J. D. Lee Farm Road except where the easement crosses a creek and at a location where the topography becomes steep near the crest of the "knob" near the plaintiffs' boundary line. The Court accepts the testimony of Mr. Hampton that in order to construct a roadway, the easement area at the creek needs to be increased. The Court accepts the testimony of Mr. Hampton that in order to construct a roadway, as the easement nears the crest of the knob, the easement should be widened and should not be confined to a location along the boundary line of the Atkins defendants, but should leave the property line of the Atkins defendants and follow the contour lines until the easement reaches the plaintiffs' boundary line. The Court accepts the testimony of Mr. Hampton that as the easement follows the contour lines, the width of the easement needs to increase. The Court accepts the testimony of Mr. Hampton that if the width of the easement is increased near the creek and re-routed near the crest of the knob to follow the contour lines and expanded when the easement is re-routed to follow the contour lines, a road can be constructed within the easement allowing sufficient ingress and egress from the J.D. Lee Farm Road to the plaintiffs' property.

In light of its findings, the court gave the Atkins Defendants thirty days in which to amend the recorded right-of-way to conform to Mr. Hampton's testimony.

The Atkins Plaintiffs requested that the court "rehear this case and set aside [a] portion of the Order." In particular, they took issue with the court's characterization of Mr. Hampton's testimony and emphasized that the testimony of their other witness, Mr. Caughron, contradicted the court's findings. The court, however, denied the motion, noting:

> that Jerry Hampton had in fact testified that it was possible to construct a sufficient and adequate right of way from J. D. Lee Farm Road to the subject property provided that the same were wide enough to build a culvert traversing the creek and which followed contour lines across the Southern most portion of the Brandon Atkins tract . . . .

Given the Atkins Plaintiffs' motion to rehear, the order also granted the Atkins Defendants 90 days "to identify by metes and bounds a right of way meeting the requirements as set out by the testimony of Jerry Hampton."

The Atkins Defendants then renewed their request for summary judgment. The Atkins Defendants attached to the motion a revised right-of-way agreement purporting to be consistent with Mr. Hampton's testimony as directed by the court's order.

The trial court's final order granted summary judgment in favor of the Atkins Defendants and dismissed the Atkins Plaintiffs' claims against all defendants. The order incorporated the court's prior findings from the evidentiary hearing, particularly those concerning the testimony of Mr. Hampton, the civil engineer. The court determined that the revised right-of-way agreement submitted with the renewed motion for summary judgment conformed to Mr. Hampton's testimony and provided the Atkins Plaintiffs with a sufficient, adequate, and convenient private road from the Atkins Parcel to a public road such that the property was no longer landlocked. Because the adjoining landowners no longer refused to allow access to the Atkins Plaintiffs' land and the Atkins Plaintiffs were provided with adequate and convenient access, the court concluded that the Atkins Plaintiffs no longer had a statutory basis to seek condemnation of a right-of-way or easement.

## II.

On appeal, the Atkins Plaintiffs raise two issues. First, they argue that the trial court erred by failing to require the Atkins Defendants to provide a surveyed right-of-way location by metes and bounds as the court had previously ordered. Second, they argue that the court erred by dismissing their action without allowing an opportunity to challenge the adequacy and convenience of the granted right-of-way. If we determine that there is a question regarding whether the access granted is adequate and convenient,

5

Mr. Saunders argues that the Atkins Plaintiffs' claims still fail because they had an easement by necessity over the lands of Lloyd Michael Atkins to the Atkins Parcel.

A.

The right-of-way granted in this case is an easement. *See Smoky Mountain R.R. Co. v. Paine Oil Co.*, 496 S.W.2d 904, 910 (Tenn. Ct. App. 1972); *see also Mitchell v. Chance*, 149 S.W.3d 40, 45 n.7 (Tenn. Ct. App. 2004) (recognizing the use of the term "right-of-way" as strong evidence of the grant of an easement). "An easement is an interest in property that confers on its holder a legally enforceable right to use another's property for a specific purpose." *Hall v. Pippin*, 984 S.W.2d 617, 620 (Tenn. Ct. App. 1998); *see also Pevear v. Hunt*, 924 S.W.2d 114, 115 (Tenn. Ct. App. 1996). An instrument creating an easement, because it conveys an interest in realty, should include a description of "whatever of the land upon which the easement is to be fastened." *Nunnelly v. S. Iron Co.*, 29 S.W. 361, 366 (Tenn. 1895); *Mitchell*, 149 S.W.3d at 45-46.

The description of the easement granted to the Atkins Plaintiffs is included in an instrument entitled "Grant of and Amendment of Right-of-Way or Easement Agreement." The Atkins Plaintiffs do not complain that the instrument fails to describe the easement's location or dimensions. In fact, the description of the easement in the instrument is very detailed and includes specific references to pages within deed books and parcels on tax assessor's property ownership maps along with dimensions.[2] Instead, the Atkins Plaintiffs fault the description for not being "by metes and bounds."

"Metes and bounds" refers to "[t]he territorial limits of real property as measured by distances and angles from designated landmarks and in relation to adjoining properties." *Metes and Bounds*, BLACK'S LAW DICTIONARY (10th ed. 2014). The Atkins Plaintiffs argue that a metes and bounds description is dictated by the condemnation statute because the jury of view must "set apart by metes and bounds a sufficient quantity of the land or property for the purposes intended." Tenn. Code Ann. § 54-14-108. Citing our decision in *Swicegood v. Feezell*, 196 S.W.2d 713 (Tenn. Ct. App. 1946), they also argue that a metes and bounds description is "the standard for [the] description and location of rights-of-way."

We disagree. The location of an easement does not have to be described by metes and bounds. We have previously noted that "instruments failing to indicate an easement's location or dimensions are commonplace." *Mitchell*, 149 S.W.3d at 46. Yet, even "these sorts of omissions and oversights are not necessarily fatal to the easement." *Id.* Here, the "Grant of and Amendment of Right-of-Way or Easement Agreement" more than adequately described the location and dimensions of the easement. Although the

---

[2] Due to its length, over a page of single-spaced text, we do not reproduce the description of the easement.

6

trial court ordered that the easement be described by metes and bounds, the court impliedly excused that requirement in dismissing the case. Given the description found in the "Grant of and Amendment of Right-of-Way or Easement Agreement," we cannot conclude that the court erred in accepting a description of an easement that was not by metes and bounds.

B.

The two statutes under which the Atkins Plaintiffs sought relief, Tennessee Code Annotated §§ 54-14-101 and 54-14-102, "establish[] a procedure whereby private individuals c[an] condemn land for easements extending from their landlocked property to a public road." *Barge v. Sadler*, 70 S.W.3d 683, 686 (Tenn. 2002). Such relief is also available under the common law, but "limited . . . to situations in which past unity of title, obvious trespassory use, or public necessity was established." *Id.* (citing Mahlon L. Townsend, Comment, *Easements in Tennessee*, 24 TENN. L. REV. 219, 224-35 (1956)); *see Cellco P'ship v. Shelby Cty.*, 172 S.W.3d 574, 591 n.7 (Tenn. Ct. App. 2005) (recognizing the statutes do not abrogate the common law easement by necessity). The required showing under each statute is different but sufficiently similar that relief may be available under both statutes. Under Tennessee Code Annotated § 54-14-101, the petitioner must show that his land is "surrounded or enclosed by the lands of any other person or persons who refuse to allow to the person a private road to pass to or from the person's land[]." Tenn. Code Ann. § 54-14-101(a)(1). Under Tennessee Code Annotated § 54-14-102, the petitioner must show that "ingress or egress to and from [his land] is cut off or obstructed entirely from a public road or highway by the intervening lands of another" or that he "has no adequate and convenient outlet from the land[] to a public road . . . by reason of the intervening lands of another." *Id.* § 54-14-102(a). Because both statutes "confer[] the power to affect private property rights without the owner's consent," we construe them strictly. *Barge*, 70 S.W.3d at 688 (citing *Clouse v. Garfinkle*, 231 S.W.2d 345, 348 (Tenn. 1950)).

On appeal, the Atkins Plaintiffs do not claim they are entitled to an easement under Tennessee Code Annotated § 54-14-101. Instead, they submit that dismissal was improper because they still could request condemnation of an easement under Tennessee Code Annotated § 54-14-102. Although by virtue of the express grant of an easement they have an outlet to a public road, they maintain that the outlet is neither adequate nor convenient. *See* Tenn. Code Ann. § 54-14-102(a). They fault the trial court for not giving them a hearing to challenge the adequacy or convenience of the easement.

The record simply does not support the Atkins Plaintiffs' argument. The court's initial order on the motion for summary judgment and motion to dismiss reflects that the court reserved judgment "until after a later hearing in which the plaintiffs will be permitted to present evidence addressing whether the real property, the subject of this litigation, remains landlocked and whether the recent Easement or Right-of-Way

7

conveyed to the plaintiffs provides an adequate and convenient access to a public road." In its subsequent order following the evidentiary hearing, which was held on May 12, 2016, the court made factual findings regarding the adequacy and convenience of the offered easement based primarily on the testimony of the Atkins Plaintiffs' expert. The record does not include a transcript from the May 12 hearing, but the statement of evidence further supports our conclusion that the Atkins Plaintiffs were given an opportunity to challenge the adequacy and convenience of the right-of-way. The statement includes specific references to testimony being offered by both Mr. Caughron and Mr. Hampton. And the testimony included the subject of whether a roadway could be constructed over the offered easement.

## III.

Because the court found that they had an adequate and convenient outlet to a public road by virtue of the grant of the right-of-way by their neighbors, the Atkins Plaintiffs could not seek to condemn an easement under either Tennessee Code Annotated § 54-14-101 or § 54-14-102. We need not consider Mr. Saunders's argument that the Atkins Plaintiffs also had access by virtue of an easement by necessity. We affirm the order dismissing the case.

_____
W. NEAL MCBRAYER, JUDGE